IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WRICKEY MOSELY,

                    Plaintiff,          Civil No. 05-520-TC


          v.                            FINDINGS AND
                                        RECOMMENDATION
DEPARTMENT OF ADMINISTRATIVE
SERVICES, et al.,

                    Defendants.


COFFIN, Magistrate Judge.

     By Order (#7) entered May 23, 2005, plaintiff's complaint
was dismissed for failure to state a claim.  Plaintiff was
advised of the deficiencies of the complaint and allowed 30
days to file an amended complaint. Subsequently, plaintiff was
allowed an extension of time to file an amended complaint.  On
June 5, 2005, plaintiff filed an amended complaint (#15).

     Plaintiff's  amended  complaint  fails  to  cure  the

deficiencies that led to the dismissal of his original complaint. Specifically, plaintiff's amended complaint seeks relief against defendant Carens, the assistant district attorney that prosecuted plaintiff on criminal charges and defendant Kent, plaintiff's defense attorney. Plaintiff was previously advised that prosecutors are absolutely immune from liability for their prosecutorial functions and that attorneys representing defendants in criminal cases do not act under the color of state law for purposes of liability under 42 U.S.C. § 1983.

Although plaintiff makes general allegations concerning the "Fred Meyer Store defendants," no other defendants are specifically named in plaintiff's amended complaint. Plaintiff's general allegations of conspiracy and false arrest are not supported by any specific factual allegations regarding any specific defendant.

Plaintiff was advised of the federal pleading standards and afforded an opportunity to cure the deficiencies of his complaint. Plaintiff's amended complaint fails to meet the minimal pleading standards of the federal rules even in view of the special consideration afforded to pro se litigants.

Based on the foregoing and for the reasons set forth in the court's previous order, plaintiff's amended complaint should be dismissed. Because it is apparent that the deficiencies of

the amended complaint cannot be cured by amendment, the dismissal should be with prejudice. This action should be dismissed.

DATED this **20** day of September, 2005.

Thomas M. Coffin
United States Magistrate Judge